**Robert BANAT, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

**No. 00–4108.**

United States Court of Appeals, Second Circuit.

March 6, 2001.

Robert Banat, Brooklyn, NY, pro se.

Paula M. Junghans, Acting Assistant Attorney General, Washington, DC; Thomas J. Clark, Carol Barthel, Tax Division, Department of Justice, on the brief, for appellee.

Present JON O. NEWMAN, LEVAL and SACK, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the Tax Court be and it hereby is AFFIRMED.

Petitioner appeals from a decision of the Tax Court affirming the Commissioner's denial of an abatement of interest on a tax deficiency assessed following an audit of his 1985, 1986, and 1987 income tax returns.

Petitioner contends that the Commissioner's failure to abate interest was an abuse of discretion in that the lengthy delay in resolving the audit was due to the Internal Revenue Service's errors and in-eptitude. These delays were attributable in part to, among other things, the facts that the revenue agent assigned to petitioner's case was on vacation or in training on several occasions, that the IRS initially assessed an improperly large deficiency, and that the IRS launched and then dropped a civil fraud investigation. While there is a strong element of reasonableness in petitioner's claim, interest abatements are controlled by statute and are restricted to very narrow circumstances not applicable in this case.

First, the controlling statute permits the Treasury to abate interest attributable to an error or delay by an employee of the IRS in performing a ministerial act. See 26 U.S.C. § 6404(e)(1) (1988) (amended 1996). The dilatory actions by the IRS in petitioner's case were not "ministerial" as that term is defined by the regulations interpreting the Tax Code. The temporary regulations in force for the tax years for which petitioner seeks an abatement limit the term to include only "procedural or mechanical" acts involving no discretion and which occur after all prerequisites have been completed. See 26 C.F.R. § 301.6404–2T(b)(1). Decisions concerning the proper application of law or decisions by supervisors to send an agent to a training course are not ministerial under the tax regulations. See *id.; id.* § 301.6404–2T(b)(2) (giving illustrative examples).

Second, the decision whether to abate interest may take into account an error or delay only where no significant aspect can be attributed to the taxpayer. See 26 U.S.C. § 6404(e)(1). The delay in completing petitioner's audit resulted in part from his own actions, including his change of representative on three occasions and his inability to locate certain necessary documents in a timely manner. Given the statutory strictures, the Commissioner's decision not to grant an abate-

ment of interest in these circumstances was not an abuse of discretion.

Accordingly, the decision of the Tax Court is AFFIRMED.